**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANNE-MARIEKE WOLFE, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-1406-WEB-DWB |
| ) | |
| ADVANCE INSURANCE COMPANY ) | |
| OF KANSAS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROTECTIVE ORDER**

Upon agreement of plaintiff and defendant, through their respective counsel, that a Stipulation and Protective Order pursuant to Federal Rule of Civil Procedure 26(c) is desirable, and with the approval of the Court,

**IT IS HEREBY AGREED AND ORDERED:**

Advance Insurance Company of Kansas shall disclose all information responsive to Plaintiff's discovery requests.

It is further **ORDERED** that production of sensitive and confidential information responsive to discovery requests in this matter shall be governed by the following terms:

1. <u>Confidential documents are only to be used for litigation in this action.</u> All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall only be used in this proceeding. Use of any information or documents labeled "Confidential" and obtained subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by a receiving party, for any business, commercial, or competitive purpose.

2.      <u>Documents may be marked as "Confidential".</u>  The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" any documents, testimony, or other materials produced in this case that contain or that could lead to the disclosure of confidential and/or proprietary business or commercial information.  If any party to this action or third party claims that any document or other material produced by such party or third party is confidential, or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential."

Non-public documents obtained by the parties from any other entity producing non-public documents, shall be treated as "Confidential" by the parties and their use shall be governed by the terms of this Protective Order.

3.      <u>Use of confidential information during depositions.</u>  When during a deposition a question posed would result in disclosure of "Confidential" information, persons not authorized to receive "Confidential" information shall, at the request of the disclosing party or its counsel, leave the deposition during such time as "Confidential" information is being disclosed.

4.      <u>Identifying confidential information following a deposition.</u>  Absent any other agreement between the involved  parties and/or third parties, transcripts of depositions taken in the action shall be treated as "Confidential" information for a period of thirty (30) days following receipt of the transcript by counsel to the parties and any involved third party.  No deposition testimony will be treated as "Confidential" for more than thirty (30) days after counsels' receipt of a transcript unless within that thirty day period a party or involved third party notifies all parties in writing of specific pages and lines in the transcript that are designated for continuing treatment as "Confidential" information.

5.	<u>Filing confidential documents.</u>  All papers, documents, and transcripts containing or revealing the substance of "Confidential" information that are filed with the clerk shall be filed in accordance with the Court's *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*, Paragraph II(J).

6.	<u>Use and disclosure of confidential information.</u>  Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.	Counsel for any party to the above-captioned litigation involved in the prosecution or defense of the litigation, and their paralegal assistants, and stenographic and clerical employees.

b.	The named parties, including directors, officers and employees of the parties, but only to the extent deemed necessary by the attorneys for such party for the prosecution, defense or settlement of this litigation.

c.	Independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of the litigation, provided that each individual to whom disclosure is made executes the Agreement To Be Bound By Protective Order in the form of Exhibit A hereto.

d.	The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e.	Employees of copy services or database services who are engaged by the parties during the litigation of this action.

f.	As to a particular document, the author(s) of the document and any individual(s) shown on the face of the document to have received it.

7.	<u>Non-waiver of discovery objections.</u>  This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking amendments to it, broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

8.	<u>Return of confidential documents and information.</u>  Upon the request of the producing party, within thirty (30) days after the later of:  (a) the producing party's request, and (b) the entry of a final judgment no longer subject to appeal on the merits of the action or the final execution of any agreement between the parties to settle the case, the receiving party or its counsel, and any person authorized by this Protective Order to receive confidential information shall return to the producing party (or destroy, at the producing party's option), all information and documents provided to it by the producing party designated as "Confidential" under the Protective Order and any copies thereof.  The foregoing notwithstanding, nothing in this paragraph shall require a receiving party or its counsel to turn work product containing confidential information over to a producing party, and nothing in this paragraph shall preclude outside counsel for a receiving party from maintaining archival copy of work product containing confidential information.  All third parties receiving confidential information shall, upon request, provide a declaration under penalty of perjury that all such materials (excluding work product materials) in their possession, custody or control have been destroyed and/or returned to trial counsel for the producing party.

9.      Right to dispute designations.  Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.  If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential", the party shall, in writing, inform counsel for the party or the producing third party claiming the protected status.  If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court.

While "Confidential" information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as "Confidential" information protected hereunder if it is demonstrated that such information either:

- is in the public domain at the time of disclosure;

- becomes part of the public domain through no fault of the Requesting Party or third parties who are in breach of any obligations to the producing party;

- is information the Requesting Party can show was in its possession at the time of disclosure; or

- is information the Requesting Party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

10. <u>Inadvertent failure to designate information as confidential.</u>  The inadvertent failure to designate a document, testimony, or other information as "Confidential," prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential."

11. <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

12. <u>Interim Effect</u>:  This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court.  For the purpose of proceedings with discovery without delay, pending the Court's approval of this Order, any Confidential Information produced under the terms of this Order shall be protected by the parties to these terms.

IT IS SO ORDERED.

DATED: September 9, 2008.                                   s/   DONALD W. BOSTWICK
                                                            UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNE-MARIEKE WOLFE, M.D.  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 07-1406-WEB-DWB |
| ) | |
| ADVANCE INSURANCE COMPANY  ) | |
| OF KANSAS,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

**ACKNOWLEDGMENT**

I acknowledge that I have read the foregoing Stipulated Protective Order entered by the Court in this action and I agree to be bound by its terms.

_____
Signature

_____
Printed Name

_____
Date